```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SAMMIE GOSS,                    :

     Plaintiff,                 :

     v.                         :    No. 3:03cv0933(WIG)

STRATFORD HOUSING               :
AUTHORITY, et al.,
                                :
     Defendants.
-------------------------------X

SAMMIE GOSS,                    :

     Plaintiff,                 :

     v.                         :    No. 3:03cv0934(WIG)

BRIDGEPORT HOUSING              :
AUTHORITY, et al.,
                                :
     Defendants.
-------------------------------X

SAMMIE GOSS,                    :

     Plaintiff,                 :

     v.                         :    No. 3:03cv0935(WIG)

FAIRFIELD HOUSING               :
AUTHORITY, et al.,
                                :
     Defendants.
-------------------------------X
```

**ORDER ON MOTIONS TO WITHDRAW AND
PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL**

Attorney Linnea J. Levine has filed motions to withdraw as counsel of record for Plaintiff, Sammie Goss, in each of the three above-referenced cases. The stated reasons are that Ms. Goss has dismissed her as her attorney in these cases and has

requested in writing that she "please withdraw."[1]  In accordance with the Local Rules, Attorney Levine has served her motion on Ms. Goss, to which no objection has been filed.  Accordingly, Attorney Levine's motions will be GRANTED.

However, in granting Attorney Levine's motion to withdraw, the Court is faced once again with Plaintiff's continuing request for the appointment of counsel, which bears addressing.

Contrary to what Ms. Goss seems to believe,[2] there is no constitutional right or, for that matter, statutory right to counsel in federal civil cases.  The right to counsel under the Sixth Amendment applies only to defendants in criminal cases.  While the Supreme Court has recognized a right to counsel under the due process clause of the Fourteenth Amendment in limited situations where the litigant may lose his physical liberty if he loses the litigation, <u>Lassiter v. Department of Social Services</u>, 452 U.S. 18, 25 (1981), there is no constitutional or statutory right to an attorney in a case brought under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, or the Federal Fair Housing Act, 42 U.S.C. § 3604.  <u>See</u> <u>Storman v. Sacramento Regional Transit Dist.</u>, 70 Fed. Appx. 438, 440 (9th

---

[1]  Ms. Goss forwarded a copy of this letter to the Court.

[2]  Ms. Goss has accused the Undersigned, in a letter addressed to the Court and copied to all counsel of record, of violating her constitutional and civil rights by virtue of not appointing an attorney, acceptable to her, to represent her in these cases.

Cir. 2003). Rather, there is only a statute, 28 U.S.C. § 1915(e)(1), that authorizes a federal judge to request, but not compel, a lawyer to represent an indigent civil litigant. Mallard v. United States District Court, 490 U.S. 296, 309 (1989); Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986).

The appointment of counsel under this statute is a matter committed to the Court's discretion. Miller v. Pleasure, 296 F.2d 283, 284 (2d Cir. 1961), cert. denied, 370 U.S. 964 (1962). The Second Circuit has provided guidelines for a court to consider in making this determination. The court should first determine whether the indigent's position seems likely to be of substance. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997). If the claims asserted may have merit or if the plaintiff appears to have some chance of success, the court should then consider factors such as plaintiff's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder, plaintiff's ability to present his or her case, the complexity of the legal issues, and any special reason why the appointment of counsel would be more likely to lead to a just determination. Hendricks, 114 F.3d at 394-95; Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Hodge, 802 F.2d at 60-62. The court should also consider whether the plaintiff has attempted to obtain a lawyer and whether a lawyer is

available to assist the plaintiff.  Cooper, 877 F.2d at 172.

This Court has previously stated that Plaintiff's claims may have sufficient merit to warrant the appointment of counsel, although the Court emphasizes that this is in no way a ruling on the merits of her claims or the defenses asserted by the Defendants.  See Hendricks, 114 F.3d at 393-94 (holding that it is not necessary for the plaintiff to demonstrate that his claims will survive a motion to dismiss or a motion for summary judgment; rather, the Court must find that the claims satisfy a "threshold showing of merit").  In that regard, on at least three prior occasions, the Court has appointed or sought to appoint counsel for Ms. Goss, all of whom have been "fired" or "dismissed" by her.[3]  Indeed, in the Undersigned's nine years on the bench as a federal magistrate judge, the Undersigned has never spent more time or effort trying to find counsel for an indigent civil litigant than it has in trying to help Ms. Goss, and it knows of no other case in this District before any judge in which the Court has made more extensive efforts to find counsel in a civil or criminal case.  Unfortunately, these efforts to help Ms. Goss have been met with criticism and insult

---

[3] The Court notes that Ms. Goss also terminated the attorney appointed for her in another case, a landlord-tenant dispute, pending in this Court.  Goss v. Kane, 3:04CV1426(SRU). This was an attorney whom this Court believes to be extremely well qualified.  Ms. Goss sent this judge a copy of her letter to the attorney

directed at the attorneys and at the Court.

Six months ago, the Court vacated all earlier orders granting Plaintiff's requests for the appointment of counsel, stating:

> The Court has sought to assist the plaintiff by, first, attempting to orient an attorney whom plaintiff had selected, and then by having two [now three] very able attorneys, with excellent reputations, agree to contact plaintiff about representing her. Both expressed a willingness to help her. Nevertheless, none of the situations has worked out. . . . Plaintiff's matter is a civil one, and she does not have a right to have the Court continue to send her counsel whom she rejects. The Court will not expend any further time and resources in attempting to find counsel for plaintiff . . .

(Order Re: Appointment of Counsel and Scheduling Dtd. Mar. 10, 2005.) The Court did state, however, that its Order was open to reconsideration.

Ms. Goss then contacted the Court requesting that the Court appoint Attorney Levine to represent her. The Court contacted Attorney Levine, who spent an entire day at the Courthouse reviewing the court files in the seven pending cases filed by Ms. Goss.[4] After Attorney Levine expressed to the Court her willingness to represent Ms. Goss in the three above-referenced lawsuits, the Court entered an order appointing her as pro bono counsel. In the Court's opinion, Attorney Levine was eminently

---

[4] The Court notes that since then an eighth case has been filed in this District by Ms. Goss.

5

qualified to handle these cases.  Attorney Levine also expressed her willingness to help Ms. Goss, on a personal level, find proper housing, medical care and other assistance.

Attorney Levine and her staff then spent many hours meeting with Ms. Goss, reviewing voluminous documents, and copying the relevant pages.  Nevertheless, in much the same fashion as Ms. Goss has dismissed the other attorneys who have tried to help her, Attorney Levine was dismissed in a derogatory letter that Ms. Goss forwarded to the Court.

The Court will not engage in any further efforts to locate an attorney for Ms. Goss in these cases.  Despite her disabilities, she has demonstrated an ability to gather evidence in support of her case.  It also appears to the Court that Ms. Goss is capable of understanding and presenting the legal issues raised by her claims.  Ms. Goss has advised the Court that she taught classes on disability discrimination and fair housing laws, that she has won a disability discrimination and fair housing lawsuit in Arkansas against a housing authority, and that she has won three disability discrimination cases against three homeless shelters in Connecticut.  While the Court believes that counsel could aid Ms. Goss in the orderly presentation of her case, she has qualifications that make her far more able than the average pro se litigant to represent herself.  Indeed, one of the major difficulties the Court has encountered in appointing

counsel for Ms. Goss is that she does not feel that any of the attorneys the Court has found to represent her are sufficiently knowledgeable or experienced in federal disability discrimination cases to handle her cases. The Court adamantly disagrees with Ms. Goss on this point. However, she is entitled to her opinion.

Accordingly, the Court denies Plaintiff's request for the appointment of counsel in all three cases. Of course, if Plaintiff finds counsel to represent her, that attorney may certainly do so by filing an appearance on her behalf, but the Court will not entertain any further requests for appointment of counsel in these cases.

In a separate order, the Court will set a time and date for a scheduling conference in each of the cases, which Ms. Goss may attend by telephone.

Attorney Levine's Motions to Withdraw are hereby GRANTED **[Doc. #16 in 3:03cv933(WIG), Doc. #24 in 3:03cv934(WIG), Doc. #53 in 3:03cv935(WIG)]**. Plaintiff's Motions for Appointment of Counsel are DENIED **[Doc. #4 in 3:03cv933(WIG), Doc. #4 in 3:03cv934(WIG), Doc. #5 in 3:03cv935(WIG)]**.

SO ORDERED, this ___16th___ day of September, 2005, at Bridgeport, Connecticut.

                                   ___/s/ William I. Garfinkel___
                                   WILLIAM I. GARFINKEL,
                                   United States Magistrate Judge